UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 19-631 JGB (SPx) | Date | October 29, 2020 |
|---|---|---|---|
| Title | *Marcus McDowell, Jr., et al. v. United States of America* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING-IN-PART AND DENYING-IN-PART Defendant's Motion for Summary Judgment (Dkt. No. 38); and (2) VACATING the November 2, 2020 hearing. (IN CHAMBERS)

Before the Court is Defendant United States of America's motion for summary judgment. ("Motion," Dkt. No. 38.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion and VACATES the October 26, 2020 hearing.

**I. BACKGROUND**

This medical malpractice case arises out of the death of Marcus McDowell Sr. On April 8, 2019, Plaintiffs M.M. Jr. (Mr. McDowell's minor son) and Joseph McDowell (Mr. McDowell's father) filed a complaint against Defendant United States of America alleging hospital negligence and loss of consortium. ("Complaint," Dkt. No. 1.) Plaintiffs filed a First Amended Complaint on December 29, 2019. ("FAC," Dkt. No. 22.) The FAC added Plaintiffs Melanie McDowell, (Mr. McDowell's estranged wife,) Marchon McDowell, and Marshea Carr, (Mr. McDowell's two adult daughters,) to the first cause of action for hospital negligence against Defendant. (Id.) The Complaint was amended on the grounds that each of the additional plaintiffs are statutory heirs of the decedent Marcus McDowell Sr. pursuant to the California Wrongful Death Statute. (See Motion to Amend Complaint, Dkt. No. 19.)

On September 28, 2020, Defendant filed the Motion along with the following documents:

- Statement of Undisputed Facts ("DSUF" Dkt. No. 38-1);
- Declaration of Hillary M. Burrelle (Dkt. No. 38-2);
- The parties' Rule 26(a)(2) expert disclosures (Dkt. No. 38-3);
- Excerpts from the Deposition of Ravi Durvasula, M.D. (Dkt. No. 38-4);
- Excerpts from Requests for Admissions to Plaintiff Joseph McDowell, Set One (Dkt. No. 38-5);
- Excerpts from Plaintiff Joseph McDowell's response to Defendant's Requests for Admissions, Set One (Dkt. No. 38-6);
- Excerpts from Requests for Admission to Plaintiff Melanie McDowell, Set One (Dkt. No. 38-7);
- Excerpts from Requests for Admission to Plaintiff Marchon McDowell, Set One (Dkt. No. 38-8);
- Excerpts from Requests for Admission to Plaintiff Marshea Carr, Set One (Dkt. No. 38-9);
- Declaration of George Baskevitch, M.D. (Dkt. No. 38-10);
- June 2020 Curriculum Vitae of George Baskevitch, M.D. (Dkt. No. 38-11);
- Declaration of Howard Pitchon, M.D. (Dkt No. 38-12);
- Curriculum Vitae of Howard Pitchon (Dkt. No. 38-13);
- Declaration of Ripley Elaine (Dkt. No. 38-14); and
- Documents filed under seal (Dkt. No. 39.)

On October 5, 2020, Plaintiffs opposed the Motion. ("Opposition," Dkt. No. 40-1.) In support of the Opposition, Plaintiffs submitted the following documents:

- Statement of Genuine Dispute of Material Facts and Additional Disputed Facts ("PSUF," Dkt. No. 40);
- Declaration of Harry Douglas (Dkt. No. 40-2);
- Excerpts from the Deposition of Monica Styles (Dkt. No. 40-3);
- Excerpts from the Deposition of Michon McDowell (Dkt No. 40-4);
- Excerpts from the Deposition of Rubye McDowell (Dkt No. 40-5);
- Excerpts from the Deposition of Jeffrey Reyes (Dkt. No. 40-6);
- Excerpts from the Deposition of Conrad Salinas (Dkt No. 40-7);
- The parties' Rule 26(a)(2) expert disclosures (Dkt. No. 40-8); and
- Excerpts from the Deposition of Ravi Durvasula, M.D. (Dkt. No. 40-9).

On October 8, 2020, Defendant replied to the Opposition. ("DSUF Reply," Dkt. No. 41.) In support of the Reply, Defendant United States submitted the following documents:

- Reply to Statement of Disputed Material Facts ("PSUF Reply," Dkt. No. 41-1); and
- Evidentiary Objections ("Defendant's Objections," Dkt. No. 41-2).

## II.  FACTS

### A.  Undisputed Facts

Except as noted, the following material facts are sufficiently supported by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for purposes of the Motion.  See Fed. R. Civ. P. 56(e)(2); L.R. 56-3.

Before his death, Marcus McDowell, Sr. was a 46-year-old long haul truck driver with a history of hypertension, diabetes, and rheumatoid arthritis.  (PSUF ¶¶ 2-4.)  On or about August 10, 2016, Mr. McDowell went to the emergency room at the Veterans Health Administration Medical Center in Louisville, Kentucky ("VAMC Louisville") after experiencing acutely increased pain to his right knee and left shoulder.  (Id. ¶ 1.)  At VAMC Louisville, Mr. McDowell received treatment for septic arthritis, GI bleed, and hypertension from August 10, 2016 to August 31, 2016.  (Id. ¶ 6.)  Mr. McDowell also received an antibiotic regimen of IV Penicillin G to treat his septic arthritis, which was to be administered until approximately September 29, 2016.  (Id. ¶ 6.)

While being treated at VAMC Louisville in August 2016, his condition stabilized, and Mr. McDowell expressed a desire to return home to Southern California for continued treatment.  (Id. ¶ 7.)  Mr. McDowell was discharged from VAMC Louisville on August 31, 2016 and directed to go to the Veterans Health Administration Medical Center in Loma Linda, California ("VAMC Loma Linda") within 24 hours to receive follow-up treatment.  (Id. ¶ 9; PSUF Reply ¶ 6.)  The antibiotics and surgical interventions at VAMC Louisville were appropriate, as was VAMC Louisville's decision to discharge Mr. McDowell with directions to continue antibiotic therapy in California.  (PSUF ¶¶ 10-11.)  However, there was no transfer or communication between VAMC Louisville and VAMC Loma Linda about Mr. McDowell's arrival.  (PSUF Reply ¶ 7.)

On September 1, 2016, Mr. McDowell arrived at VAMC Loma Linda where his vitals were taken at 8:28 a.m. that morning.  (PSUF ¶ 13.)  Mr. McDowell informed staff that he was seeking continued antibiotic therapy.  (Id. ¶ 15.)  An Emergency Department nurse triaged Mr. McDowell at 8:38 a.m. and set Mr. McDowell's ESI Triage level to Level 3 (Urgent).  (PSUF Reply ¶ 11.)  The nurse also noted Mr. McDowell was alert and oriented without any fever, nausea, shortness of breath, or other acute symptoms.  (PSUF ¶ 14.)  VAMC Loma Linda follows ESI Guidelines for determining how to triage patients.  (PSUF Reply ¶ 12.)  ESI Guidelines were developed by the government and have been adopted by most emergency rooms in the local area as a triage program.  (Id. ¶ 13.)  In 2016, the ESI guidelines had five levels of acuity for triaging patients ranging from 1-5, with 1 being the most severe.  (Id. ¶¶ 14-17.)

Between 8:38 a.m. and 11:00 a.m., Mr. McDowell's condition worsened.  (PSUF ¶ 19.)  At 11:00 a.m., an Infectious Disease Department nurse re-checked Mr. McDowell's vitals and called the attending physician for an immediate evaluation.  (Id. ¶ 20.)  Based on the significant change in Mr. McDowell's blood pressure, he was rushed back to the Emergency Department

from the Infectious Disease Department. (Id. ¶ 21.) Mr. McDowell was triaged at Level 2. (PSUF Reply ¶ 18.) In the Emergency Department, medical staff gave Mr. McDowell infusions of saline and an IV of Dobutamine while performing chest x-rays and a blood gas test. (PSUF ¶ 22.) Mr. McDowell's blood pressure continued to drop. (Id. ¶ 23.) Mr. McDowell went into cardiac arrest. (Id.) Emergency Department staff attempted unsuccessfully to resuscitate him. (Id. ¶ 24.) Mr. McDowell was pronounced dead at 1:26 p.m. on September 1, 2016. (Id. ¶ 25.)

No autopsy was performed on Mr. McDowell's body post-mortem; his cause of death was never medically confirmed. (Id. ¶¶ 28-29.) In the absence of such a post-mortem analysis, opinion regarding Mr. McDowell's cause of death is speculative, but it is unlikely that his death was caused by septic arthritis, GI bleed, or acute hypoxia from a pulmonary embolus. (Id. ¶¶ 30-31.)

Plaintiff M.M., Jr., Mr. McDowell's son, filed a Standard Form 95 administrative claim with the Department of Veterans Affairs ("VA") on or about February 28, 2017. (Id. ¶ 33; PSUF Reply ¶ 1.) Plaintiff Joseph McDowell, Mr. McDowell's father, filed a Standard Form 95 administrative claim with the VA on or about March 15, 2017, though Joseph McDowell was not financially dependent upon Marcus McDowell Sr. at the time of his death. (PSUF ¶¶ 34, 38-39.) Plaintiffs Melanie McDowell, Marchon McDowell, and Marshea Carr did not file administrative claims related to the death of Marcus McDowell Sr. (Id. ¶¶ 35-37.)

**B. Evidentiary Objections**

Both Plaintiff and Defendant make several evidentiary objections. Because the Court does not consider any objected to evidence in its decision, all evidentiary objections are DENIED as moot.

### III.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of an issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Id. at 325. Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case. Id.; In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

If the moving party has sustained its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. Celotex, 477 U.S. at 324. The non-moving party must make an affirmative showing on all matters placed at issue by the

motion as to which it has the burden of proof at trial.  Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson, 477 U.S. at 248.  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence."  In re Oracle, 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party.  Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991).  Thus, summary judgment for the moving party is proper when a "rational trier of fact" would not be able to find for the non-moving party based on the record taken as a whole.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### IV.   DISCUSSION

**A. Plaintiffs Melanie McDowell, Marchon McDowell, and Marshea Carr's Administrative Remedies**

Defendant argues that the Court lacks jurisdiction over Plaintiffs Melanie McDowell, Marchon McDowell, and Marshea Carr's claims because those Plaintiffs did not exhaust their administrative remedies under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 2675(a).  (Motion p. 8.)  Defendant correctly asserts that the FTCA's administrative claim requirement is jurisdictional and "must be strictly adhered to."  Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992).  Plaintiffs do not dispute this.  (Opposition, see also PSUF ¶¶ 35-37.)  Both parties acknowledge that exhaustion is required because the United States has only waived its sovereign immunity from tort suit under the terms of the FTCA.  See 28 U.S.C. § 2675(a).

Because Plaintiffs Melanie McDowell, Marchon McDowell and Marshea Carr failed to exhaust their administrative remedies, the Court lacks jurisdiction over their claims.  Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiffs Melanie McDowell, Marchon McDowell and Marshea Carr.

**B. Plaintiff Joseph McDowell's Standing**

Defendant also argues that because Plaintiff Joseph McDowell was not financially dependent on the deceased Mr. McDowell, (see PSUF ¶¶ 38-39,) he lacks standing to pursue a wrongful death claim pursuant to California Code of Civil Procedure section 377.60, which gives parents of decedents standing in wrongful death claims only "if they were dependent on the decedent."  Cal. Code Civ. P. § 377.60(b).  Plaintiffs do not dispute this.  (Opposition, p. 6-7.)  Indeed, Plaintiffs "concede[] that Joseph McDowell was not a dependent parent within the meaning of California Civil Code Section 377.60 . . . and therefore withdraw[] the claim."  (Id.)

Accordingly, because Plaintiff Joseph McDowell lacks standing for both causes of action for wrongful death in the FAC, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff Joseph McDowell.

### C. Plaintiff M.M., Jr.'s Claims

Because summary judgment has been granted against Plaintiffs Joseph McDowell, Melanie McDowell, Marchon McDowell, and Marshea Carr, the only live claims remaining are minor Plaintiff M.M. Jr.'s claims against the United States. Plaintiff M.M., Jr.'s claims for hospital negligence (wrongful death) and loss of consortium are brought by and through his mother and guardian, Monica Styles. (FAC p. 1.)

#### 1. M.M., Jr.'s Loss of Consortium Claim

To start, it is unclear whether M.M., Jr. has even alleged a loss of consortium claim against Defendant. The FAC does not specify that the loss of consortium claim is limited to Joseph McDowell only, but only alleges that Joseph McDowell has lost "the emotional support, social support, comfort, and companionship of his son." (FAC ¶ 28.) Nowhere in the FAC did Plaintiff M.M., Jr. plead facts alleging his own loss of consortium claim. (Id. ¶¶ 26-29.)

Nevertheless, Defendant argues that under California law, a loss of consortium claim requires a spousal relationship, and M.M. Jr., as Mr. McDowell's son, does not qualify. (Motion p. 9.) Defendant is correct. See Elden v. Sheldon, 46 Cal. 3d 267, 277 (1988) (requiring marriage for a loss of consortium claim.) Because California only permits loss of consortium claims within a spousal relationship, M.M., Jr. has no loss of consortium claim. See LeFiell Mfg. Co. v. Superior Court, 55 Cal. 4th 275, 284–85 (2012) (holding valid marriage is required for a loss of consortium claim.)

Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff M.M., Jr.'s Loss of Consortium Claim.

#### 2. M.M., Jr.'s Hospital Negligence (Wrongful Death) Claim

The only remaining issue is whether Defendant is entitled to summary judgment on M.M., Jr.'s hospital negligence claim. It is not.

In medical malpractice actions, plaintiffs must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

Defendant argues that Plaintiff cannot meet the burden imposed by Hanson v. Grode because: (1) he has no expert who can testify as to a specific breach in the standard of care by any VAMC employees in their treatment of Mr. McDowell; and (2) because there was no autopsy, cause of death in the case is unknown and therefore opinions regarding causation are speculative. (Dkt No. 38-1 p. 5.)

As a matter of law, Defendant is correct that expert testimony is required to prove a breach in the medical standard of care.  Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal. 4th 992, 1001 (1994).  However, Plaintiff has such an expert.  Plaintiff's expert Dr. Ravi Durvasula wrote in his report that in his opinion, "closer supervision of Mr. McDowell at the Loma Linda VA on September 1, 2016 could have altered his course." (Dkt. No. 40-8.)  Dr. Durvasula continues that at least an hour elapsed before Mr. McDowell's vital signs were recorded, and for a "tenuous patient" with "several life-threatening events of the previous 3 weeks including septic shock, GI bleed and hypertensive emergency," a "more rigorous triage and medical supervision should have been in place."  (Id.)  Defendant seizes on Dr. Durvasula's use of the word "could"—but this does not mean there are no genuine issues of material fact as to whether earlier and more rigorous intervention would have prevented Mr. McDowell's death.  Indeed, a reasonable jury could take this testimony and conclude medical staff at VAMC Loma Linda violated the standard of care for someone in Mr. McDowell's condition and that violation of the standard of care caused his death.

On the question of causation, though Defendant is correct that because there was no autopsy performed on Mr. McDowell's body, there is no certain cause of death.  However, such an absence does not preclude a wrongful death action as a matter of law.  See Walsh v. Caidin, 232 Cal. App. 3d 159, 164 (Ct. App. 1991) (Holding cremation of decedent's body did not constitute spoliation of evidence, underlying medical malpractice claim could proceed.)  And such an absence does not mean any theory as to the cause of Mr. McDowell's death is wildly speculative.  Indeed, the parties have submitted as undisputed fact that it is unlikely Mr. McDowell's death was caused by septic arthritis, GI bleed, or acute hypoxia from a pulmonary embolus.  (PSUF ¶¶ 30-31.)  If there is sufficient certainty to rule out these potential causes of death, a reasonable jury may find a cause of death consistent with Plaintiff's expert's submission.

Construing this evidence in the light most favorable to Plaintiff, it is a jury question whether VAMC Loma Linda not treating Mr. McDowell earlier in the day with more rigorous triage and medical supervision would have saved his life.  Defendant's Motion for Summary Judgment is DENIED as to Plaintiff M.M., Jr.'s Hospital Negligence (Wrongful Death) claim.

## V.     CONCLUSION

For the reasons above, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion.  The Motion is GRANTED as to the following:

- Plaintiff Melanie McDowell's claims;
- Plaintiff Marchon McDowell's claims;
- Plaintiff Marshea Carr's claims;
- Plaintiff Joseph McDowell's claims; and
- Plaintiff M.M., Jr's Loss of Consortium claim.

The Motion is DENIED as to Plaintiff M.M., Jr.'s Hospital Negligence (Wrongful Death) claim.

**The November 2, 2020 hearing is VACATED.**

**IT IS SO ORDERED.**